UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

MICHAEL HOWARD HUNTER,

     Petitioner,

v.

J. C. HOLLAND, *Warden*,

     Respondent.

Civil Action No. 6:15-CV-117-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*\*\*\*\*\*\*\*

Petitioner Michael Howard Hunter is an inmate confined by the Bureau of Prisons ("BOP") in the United Sates Penitentiary-McCreary, located in Pine Knot, Kentucky. Proceeding without an attorney, Hunter has filed a two motions in which he seeks release from federal custody. [R. 1; R. 2] The Clerk of the Court has administratively classified this proceeding as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Hunter's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Hunter's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

For the reasons set forth below, the Court must deny Hunter's two motions/construed § 2241 habeas petition as premature, and dismiss this proceeding without prejudice.

## BACKGROUND

On June 5, 2013, a federal grand jury in North Dakota returned an indictment charging that Hunter "did knowingly deposit in an authorized depository for mail matter to be sent and delivered by the U.S. Postal Service, and knowingly caused to be delivered by the U.S. Postal Service according to the direction thereon, a written communication, postmarked December 12, 2012, addressed to Judge Rodney Webb, a United States District Court Judge, at Fargo, North Dakota, and containing a threat to injure the person of Rodney Webb, Clare Hochhalter, Gary Annear, and Lynn Jordheim, in violation of 18 U.S.C. § 876(c)." *United States v. Michael Howard Hunter*, No. 3:13-Cr42-DLH-CSM-1 (D. N.D. 2013) [R. 1, therein]

On November 1, 2013, Hunter pled guilty to Mailing Threatening Communications in violation of 18 U.S.C. § 876(c) and was sentenced to a 30-month prison term, to run concurrently with another federal sentence that Hunter was already serving.[1] [R. 139, therein; as amended on May 20, 2015, R. 240, therein]   In the Criminal Judgment, the North Dakota district court acknowledged Hunter's mental illness issues and recommended that he be placed at the Medical Center in Rochester, Minnesota to receive treatment. Hunter was ordered into the immediate care, custody, and control of the BOP.

On April 14, 2014, Hunter filed a motion in the North Dakota district court seeking to vacate his sentence under 28 U.S.C. § 2255.  [R. 162, therein; as supplemented at R. 163;

---

[1]  On that date, a competency hearing was held and the district court determined that Hunter was competent to proceed. [R. 138, therein; ST 30:13-25]  On that same day, all parties agreed to proceed with sentencing.

172; R. 197; R. 200; R. 202; R. 205; R. 238, therein]   Hunter alleged that in numerous instances during his criminal proceeding and at sentencing, he had been denied effective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution, and that his 30-month sentence violates the Eighth Amendment of the U.S. Constitution.    In addition to his § 2255 motion and amendments thereto, Hunter has filed a myriad of other motions and mandamus petitions in the district court seeking demanding his release from custody.

On November 21, 2014, the United States filed a motion to dismiss Hunter's § 2255 motion.  [R. 230, therein]  The government argues that Hunter received effective assistance of counsel at all stages of his criminal proceeding; that as part of the Plea Agreement, Hunter waived any substantive challenge to his sentence; and that even absent the waiver, Hunter's 30-month sentence fell within the statutory and guideline ranges, and thus was not excessive.  [*Id.*]  As the date of entry of this Order, the North Dakota district court has not ruled on Hunter's § 2255 motion and numerous supplements thereto, and Hunter's § 2255 motion remains pending in that court.

On July 7, 2015, and July 9, 2015, Hunter submitted two lengthy motions in this Court, in which he requests either an order conditionally releasing him from federal custody, or a hearing on his claims seeking release from custody.  [R. 1; R. 2][2]  Hunter's submissions are confusing and difficult to follow, because Hunter has intermingled printed material from other court proceedings among his handwritten statements, and because Hunter's handwriting is extremely difficult to read.  But from what the Court can ascertain from Hunter's handwritten statements, he appears to be challenging his North Dakota

_____

[2]   Due to clerical issues, Hunter's submissions were not physically docketed until July 14, 2015.  Further, in his handwritten submissions, Hunter indicated that he had mailed a § 2241 petition form to this Court, but Deputy Clerk of the Court states in the July 14, 2015, docket entry, that no § 2241 petition form has been received from Hunter.

3

federal conviction and sentence on the following grounds:  that during his criminal proceeding he was denied his Sixth Amendment right to represent himself; that the federal prosecutors presented perjured testimony; that he was denied due process of law; and that he was denied effective assistances of counsel, because his attorney failed to request a competency hearing.

## DISCUSSION

The Court must deny Hunter's motions/construed § 2241 petition as premature.  The correct mechanism for a federal prisoner to challenge his or her conviction or sentence is through a motion to vacate filed under 28 U.S.C. § 2255(a).  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  A habeas corpus petition under 28 U.S.C. § 2241 may only be used to challenge a federal conviction under very narrow circumstances where § 2255(a) provides a remedy that is structurally inadequate.  *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).  Here, Hunter is challenging his North Dakota federal conviction and resulting 30-month sentence on the same constitutional grounds that he is asserting in his § 2255 motion, which, as noted, is currently pending in the district court in North Dakota.[3]

Simply put, Hunter cannot contemporaneously seek relief from his conviction and sentence by way of a § 2241 petition in this Court while his § 2255 motion is pending in the North Dakota district court; he must wait until the North Dakota district court has ruled on his § 2255 motion.  *See Smith v. Butler*, No. 6:15-CV-165-DLB, 2015 WL 224925, at *2 (Jan. 15, 2015) (denying § 2241 petition as premature while prisoner's § 2255 motion was pending in the district court where he was sentenced); *Besser v. Holland*, No. 0:11-CV-70-

---

[3]  On July 15, 2015, just days after filing his § 2241 proceeding, Hunter filed a *pro se* petition for writ of mandamus in the North Dakota district court proceeding.  [R. 247, therein]

HRW (E.D. Ky. 2011) (dismissing § 2241 petition as premature pending resolution of petitioner's § 2255 motion in the sentencing court), *aff'd*, 478 F. App'x 1001 (6th Cir. 2012); *Colbert v. Ives*, No. 12-CV-99-GFVT, 2013 WL 1856080, at *4 (E.D. Ky. Apr. 30, 2013) (collecting cases); *White v. Grondolsky*, No. 06-CV-309-DCR, 2006 WL 2385358, at *2 (E.D. Ky. Aug. 17, 2006) (finding that petitioner was not entitled to relief under § 2241 where he was simultaneously litigating the validity of his sentence in a pending § 2255 motion); *Reynolds v. Martinez*, No. 09-CV-2509, 2009 WL 3182918, at *1 (3d Cir. Oct. 6, 2009). Further, the North Dakota district court's delay in deciding Hunter's § 2255 motion does not render that remedy inadequate or ineffective, such that Hunter can resort to seeking contemporaneous relief in this Court under § 2241. *United States v. Pirro*, 104 F. 3d 297, 300 (9th Cir. 1997).

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1.     Petitioner Michael Howard Hunter's "Motion for Immediate Hearing and Order Conditionally Discharged or Discharged from Unlawful Custody" [R. 1], and his "Motion to Release and Renewed for Prompt Hearing and Order Court Records Produced Filed and Served" [R. 2], collectively construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, are **DENIED** as **PREMATURE**.

2.     Hunter may not seek relief from his North Dakota federal conviction and sentence under 28 U.S.C. § 2241 until the district court in North Dakota has ruled on his motion filed under 28 U.S.C. § 2255, in *United States v. Michael Howard Hunter*, No. 3:13-Cr42-DLH-CSM-1 (D. N.D. 2013).

3.     The Court will enter a judgment contemporaneously with this Memorandum Opinion and Order.

4.     This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This July 16, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY